IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:14CR167-1 |
| v. | : | |
| ERIC ANTHONY BOONE | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, ERIC ANTHONY BOONE, in his own person and through his attorney, William S. Trivette, and state as follows:

1. The defendant, ERIC ANTHONY BOONE, is presently under Indictment in case number 1:14CR167-1, which in Count One charges him with a violation of Title 18, United States Code, Section 1951(a), attempted interference with commerce by robbery; which in Count Two charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), carry and use by brandishing a firearm during and in relation to a crime of violence; and which in Count Three charges him with a violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2), felon in possession of a firearm.

2. The defendant, ERIC ANTHONY BOONE, will enter a voluntary plea of guilty to Counts One and Two of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the

defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, ERIC ANTHONY BOONE, understands that that the maximum term of imprisonment provided by law for Count One of the Indictment herein is not more than twenty years.

    b. The defendant, ERIC ANTHONY BOONE, also understands that the Court may include as a part of the sentence as to Count One of the Indictment herein a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c. The defendant, ERIC ANTHONY BOONE, understands that the statutory penalty for Count Two of the Indictment herein provides that he shall be sentenced to a term of imprisonment of not less than seven years; that such term of imprisonment cannot run concurrently with any other term of imprisonment; and that he cannot be placed on probation or receive a suspended sentence.

    d. The defendant, ERIC ANTHONY BOONE, also understands that the Court may include as a part of the sentence as to Count Two of the Indictment herein a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

e. The defendant, ERIC ANTHONY BOONE, further understands that the maximum fine for Counts One and Two of the Indictment herein is $250,000, as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ERIC ANTHONY BOONE, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

f. The defendant, ERIC ANTHONY BOONE, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those

factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  g. The defendant, ERIC ANTHONY BOONE, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, ERIC ANTHONY BOONE, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts One and Two of the Indictment herein, the defendant, ERIC ANTHONY BOONE, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ERIC ANTHONY BOONE, is going to plead guilty to Counts One and Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

4

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, ERIC ANTHONY BOONE, to Counts One and Two of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, ERIC ANTHONY BOONE. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, ERIC ANTHONY BOONE, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B).

c. The defendant, ERIC ANTHONY BOONE, agrees that the firearm charged in Count Two of the Indictment herein was brandished, as provided for in 18 U.S.C. § 924(c)(1)(A)(ii), during and in

5

relation to the offense of attempted interference with commerce by robbery as charged in Count One of the Indictment herein.

   d. The defendant, ERIC ANTHONY BOONE, agrees to and does hereby abandon any interest that he has in the firearm set out in Counts Two and Three of the Indictment herein.

  6. The defendant, ERIC ANTHONY BOONE, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

  7. It is further understood that the United States and the defendant, ERIC ANTHONY BOONE, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

  8. The defendant, ERIC ANTHONY BOONE, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of

sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 30 day of June, 2014.

|  |  |
|---|---|
| RIPLEY RAND<br>United States Attorney | WILLIAM S. TRIVETTE<br>Attorney for Defendant |
| JOANNA G. MCFADDEN<br>NYSB # 4500948<br>Assistant United States Attorney | ERIC ANTHONY BOONE<br>Defendant |

101 South Edgeworth Street
4th Floor
Greensboro, NC 27402

336/333-5351